NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30146 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00522-HZ-1 |
| v. | |
| DESMOND BORIS WASHINGTON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted March 9, 2022**
Portland, Oregon

Before: GRABER and BEA, Circuit Judges, and REISS,*** District Judge.

Appellant Desmond Washington ("Appellant") appeals his conviction for

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

arguing that the district court committed prejudicial error with respect to two evidentiary rulings. The parties are familiar with the facts of this case, so we recite them here only when necessary. For the following reasons, we affirm.

1. Appellant argues that, under the Confrontation Clause, he should have been allowed to introduce evidence that he had received two separate settlement payments from the City of Portland for claims of police misconduct. Appellant sought to introduce this evidence because it allegedly "showed bias, and explained cash at the scene." The district court did not err in concluding that evidence of Appellant's receipt of settlement payments from the City of Portland arising out of claims of police misconduct was irrelevant to whether or not Appellant actually possessed the seized handgun that he was convicted of possessing in violation of 18 U.S.C. § 922(g)(1).

2. A neighbor recorded the police executing a search warrant on Alexandria Carter's home, where Appellant was living. Appellant sought to introduce this video into evidence. Appellant asserts that the district court erred in excluding this video, arguing that the video: (a) establishes bias by the police officers who executed the search warrant of Carter's home, given the heavy armaments of the police unit that was composed of approximately 15 officers, and (b) shows Appellant in a favorable light as a compliant individual, as contrasted with the photographs submitted by the Government of Appellant in his rap video portraying "the persona of a gangster."

2

The district court did not err in excluding this video. Permitting the jury to see that the police who were executing the search warrant were heavily armed would likely have confused the jury concerning the actual issues in the case and would have created a trial within a trial, leading to undue delay. *United States v. Sua*, 307 F.3d 1150, 1153 (9th Cir. 2002). All other relevant factual aspects of the excluded video were presented to the jury via direct and cross-examination testimony of witnesses.

**AFFIRMED**